In this case, the injunction had been •granted in 1794, and the question made by •George K. Taylor, counsel for the defendant, was, whether, as the injunction was dissolved, at the last term of this Court, the bill may not in this term, be dismissed, under the act ■of Assembly passed 20th January, 1804. (See Rev. Code, vol. 2, c. 29, sect. 3.)
PER CURIAM.
Although the words of the act are, “that in all cases where hereafter any injunction shall be wholly dissolved, the bill of the complainant shall stand dismissed of course, with costs, unless, at the next term, sufficient cause shall be shewn against it,” yet the construction of this law should be confined to injunctions, awarded since the act; and should not be applied to those cases which were on the docket before; and such the Court understands to have been the uniform course of the Court since the passage of the law. Such too, was the construction given, by the Court of Appeals, to the act of 1795, which authorised the assignee of a bond with a collateral condition to sue in his own name. See Craig v. Craig, (1 Call, 483,) and several cases since, in the same Court, supporting the same principle. The bill must stand, and take its regular course upon the docket. _